```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

UNITED STATES OF AMERICA      *
                              *
vs.                           *
                              *       CASE NO. 4:20-CR-7 (CDL)
AUBREY CRITTENDEN,            *
                              *
     Defendant.               *
                              *
```

O R D E R

A jury trial moratorium has been in effect in this District since March due to the COVID-19 pandemic. That moratorium was scheduled to expire on September 13, 2020, and the Court scheduled this case for trial to begin on September 14, 2020. After the case was scheduled for trial, the jury trial moratorium was extended until October 19, 2020 due to continuing concerns for the safety and health of trial participants related to the ongoing COVID-19 pandemic. This most recent jury trial moratorium order, like the ones that preceded it, makes the finding that a continuance of all criminal jury trials in this district is justified due to COVID-19 concerns and that the delay caused by the continuance is excludable for speedy trial purposes. The Court confirms this finding in the context of this case, specifically finding that the interests of justice associated with protecting the health and safety of all trial participants substantially outweighs the rights of the defendant

and the public to a speedier trial. Accordingly, the trial of this action is continued until December 7, 2020. The Court finds it appropriate to explain in more detail why this continuance violates neither the defendant's constitutional nor statutory right to a speedy trial.

## BACKGROUND

Defendant was indicted on February 12, 2020 and charged with one count of possession of a firearm by a convicted felon. Defendant had an initial appearance before a magistrate judge on February 21, 2020, and he was arrested that day.[1] A pretrial conference was scheduled for March 24, 2020. Defendant filed a motion for continuance on March 9, 2020, seeking a continuance until the Court's next trial term. The Court granted Defendant's motion and continued the trial until the Court's next trial term, which was scheduled to begin on September 9, 2020. Order Granting Mot. to Continue, ECF No. 21. Soon after the Court granted the continuance, the Court issued a standing order imposing a sixty-day moratorium on all jury trials in light of the COVID-19 pandemic. M.D. Ga. Standing Order 2020-01, ECF No. 22. That moratorium was later extended to July 13, 2020 and then to September 13, 2020. M.D. Ga. Standing Order

---

[1] According to the Government, Defendant had been confined to the Muscogee County Jail following his arrest on outstanding state law arrest warrants. Mot. for Writ of Habeas Corpus Ad Prosequendum ¶ 2, ECF No. 4; Mot. for Detention 1, ECF No. 9. He was arrested on the federal charge on February 21, 2020. Arrest Warrant, ECF No. 15.

2020-07, ECF No. 24; M.D. Ga. Standing Order No. 2020-08, ECF No. 26. Defendant's trial date was moved to September 14, 2020—the first day after the jury trial moratorium was set to expire.

On August 21, 2020, the Court issued a standing order extending the temporary moratorium on jury trials until October 19, 2020 because of the COVID-19 pandemic. *See* M.D. Ga. Standing Order 2020-10, ECF No. 41. The Court found "that the right of defendants in criminal cases and the public to a speedier trial during this extended moratorium is substantially outweighed by the public interest of protecting the health and safety of defendants, the case participants, court employees, jurors, and the public, which can only be protected by this moratorium on jury trials. The ends of justice require this continuance." *Id.* at 2. The Court further stated that the period of the jury trial moratorium—from March 17, 2020 to October 19, 2020—"shall be excluded under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A)." *Id.* Finally, the Court stated that "any defendant in a criminal case shall have the right to file a motion for a speedier trial, which shall be considered and decided by the judge assigned to the defendant's case." *Id.* Defendant has not filed a motion for a speedier trial.

The Court ordered Defendant to show cause why the trial of this action should not be continued. Order to Show Cause (Aug. 21, 2020), ECF No. 40. Defendant responded to the show cause

order, noting that he was denied bond and that the Court entered an order of detention. Def.'s Resp. to Show Cause Order 1, ECF No. 43. Defendant further stated that he "cannot provide this Court specific reasons to proceed to trial during the recently extended moratorium."[2] *Id.*

DISCUSSION

The Speedy Trial Act states that the trial of any criminal defendant who pleads not guilty must begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If the defendant is not tried within the proper time limit, the indictment must be dismissed upon motion by the defendant. 18 U.S.C. § 3162(a)(2). But, the Speedy Trial Act excludes certain periods of time from the calculation of the seventy-day limit, including a "period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking

---

[2] The Government stated that it "is ready and willing to try this case and does not seek to continue it" but that if Defendant did not "provide sufficient reasons to proceed to trial during the moratorium, the Government" would not oppose the continuance until the January 2021 trial term. Gov't's Resp. to Show Cause Order, ECF No. 42.

such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).  Here, the Court has explained why the ends of justice served by continuing the trial in light of the COVID-19 pandemic outweigh the interests of the public and the defendant in a speedier trial.  The period of the jury trial moratorium is therefore excluded from the Speedy Trial Act's seventy-day clock.

The next question is when the trial should be rescheduled for purposes of the Speedy Trial Act clock.  Defendant appeared for his initial appearance before a magistrate judge on February 21, 2020, so the speedy trial clock began to run on February 22, 2020.  *See United States v. Hughes*, 840 F.3d 1368, 1377 (11th Cir. 2016) ("When the clock is triggered by a defendant's first appearance, the clock begins to run on the day after the defendant's appearance.").  On March 9, 2020, Defendant sought a continuance of the trial until the Court's next trial term, which was scheduled to begin September 9, 2020, because his lawyer needed additional time to conduct a pretrial investigation and legal research.  The Court found that it was in the interest of justice to allow the parties to complete their investigation and that if it denied the continuance it could deny counsel reasonable time for effective preparation and potentially result in a miscarriage of justice.  Shortly after the Court granted Defendant's motion for a continuance, the Court

imposed the jury trial moratorium, which was later extended through October 19, 2020. Accordingly, the seventeen days between Defendant's initial appearance and his motion for a continuance are not excluded from the speedy trial clock, but all days between March 9, 2020 and October 19, 2020 are excluded from the speedy trial clock. *See, e.g.*, *United States v. Davenport*, 935 F.2d 1223, 1229 (11th Cir. 1991). So, to meet the Speedy Trial Act's seventy-day deadline, the trial must begin within fifty-three days of the end of the jury trial moratorium. If the trial begins on Monday, December 7, 2020 (forty-eight days after the moratorium is scheduled to end), it will be within the Speedy Trial Act's deadline and there will be no violation of the Speedy Trial Act.[3]

The next question is whether continuing the trial until December 7, 2020 would violate Defendant's right to a speedy trial under the Sixth Amendment. "Although compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, 'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.'" *Davenport*, 935 F.2d at 1238-39 (quoting *United States v. Saintil*, 705 F.2d 415, 418 (11th Cir. 1983)). The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right to a

---

[3] If either party finds the Court's speedy trial calculations wrong, they should file a motion for reconsideration.

6

speedy and public trial[.]" U.S. Const. amend. VI. The Supreme Court established a four-factor test to determine whether the government has violated a defendant's constitutional right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Those factors are: (1) "length of delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) "prejudice to the defendant." *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009) (quoting *Barker*, 407 U.S. at 530).

The Eleventh Circuit has "held that, unless the period of delay is 'presumptively prejudicial' under the first factor, a district court need not consider the other factors." *Id.* (quoting *United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999)). "A delay becomes 'presumptively prejudicial' as it approaches one year." *Id.* (quoting *United States v. Schlei*, 122 F.3d 944, 987 (11th Cir. 1997)). Here, the period between the date of the indictment and the December 7, 2020 trial date is approximately ten months. While this delay is less than one year, the Court assumes for purposes of today's order that the delay is long enough to be presumptively prejudicial.[4] The Court also assumes that Defendant has asserted his right to a speedy trial, although his counsel failed to show cause as to why this case should not be continued during the jury trial moratorium.

---

[4] At least one panel of the Eleventh Circuit has concluded that a ten-month delay between the date of the indictment and the trial date is "arguably" presumptively prejudicial. *United States v. Lamb*, 214 F. App'x 908, 913-14 (11th Cir. 2007) (per curiam).

7

Thus, the "length of delay" and "assertion of right" factors weigh against the Government. But the reason for the delay overwhelmingly justifies the delay. The COVID-19 global pandemic places persons' health at substantial risk when they gather in groups in relatively close proximity to one another, particularly indoors where persons are talking. A jury trial includes all of these risks for the trial participants. The Supreme Court has suggested that while "negligence or overcrowded courts" should be weighed against the Government—albeit "less heavily" than a "deliberate attempt to delay the trial in order to hamper the defense," "a valid reason, such as a missing witness, should serve to justify appropriate delay." *Barker*, 407 U.S. at 531. Certainly, a global pandemic that is beyond the control of all the parties involved justifies an appropriate delay. Thus, the "reason for delay" factor weighs in favor of the delay.

If the first three *Barker* factors do not all weigh heavily against the Government, then a defendant must demonstrate actual prejudice to succeed on a constitutional speedy trial claim. *United States v. Machado*, 886 F.3d 1070, 1081 (11th Cir. 2018). "To show actual prejudice, the defendant must show (1) oppressive pretrial incarceration, (2) his own anxiety and concern, or (3) the possibility that his defense was impaired because of the delay." *Id.* at 1081-82. Here, Defendant has not

argued or presented any evidence that he has been subjected to oppressive pretrial incarceration, that he suffered anxiety as a result of the delay, or that his defense may be impaired because of the delay.[5]  Accordingly, the present record does not establish that Defendant's Sixth Amendment right to a speedy trial would be violated if the trial were continued to December 7, 2020.

## CONCLUSION

For the foregoing reasons, the trial of this action is continued until December 7, 2020.

IT IS SO ORDERED, this 1st day of September, 2020.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[5] The Court notes that when Defendant was indicted, he was already in jail on state charges.